## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| DONALD WOODRUFF, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 08 cv 1149 |
| ) | |
| LEE RYKER, ) | |
| ) | |
| Respondent. ) | |

## O P I N I O N and O R D E R

Before the Court is the Petition for a Writ of Habeas Corpus filed by Petitioner, Donald Woodruff, Jr., (Doc. 1) and the Answer (Doc. 14) filed by Respondent, Lee Ryker. For the reasons set for below, the Petition is DISMISSED WITH PREJUDICE.

### BACKGROUND

According to the Petition, Petitioner was sentenced in the late 1970s for various crimes that resulted in terms of incarceration up to 150 years. Petitioner states that throughout the course of his incarceration with the Illinois Department of Corrections, he was given false or misleading statements about his release date and the application of good conduct credit to his sentence. Petitioner indicates that he filed numerous complaints and state court actions related to his sentence, release date, parole, and the application of good conduct credit. Petitioner alleges that Respondent failed to apply good conduct credit to his sentence and that he failed to give Petitioner a timely parole board hearing. Petitioner seeks immediate release

from prison.[1]  Conspicuously absent from the Petition is any indication as to whether, when, or how much good conduct credit was taken away from Petitioner.

Petitioner is serving numerous sentences that run consecutively: a 60 to 100 year sentence for the 1977 murder of Tony Fairchild committed in DeWitt County; a 75 to 150 year sentence for the 1977 murder of Richard Ogden in Champaign County; and, a 10 year term that runs concurrently with three terms of 364 days each for aggravated battery and battery on three correctional officers at the Pontiac Correctional Center that occurred in 1979.  *See People v. Jones*, 379 N.E.2d 301 (Ill. App. Ct. 1978); *People v. Woodruff*, 379 N.E.2d 907 (Ill. App. Ct. 1978); *People v. Woodruff*, 406 N.E.2d 1155 (Ill. App. Ct. 1980).  These convictions are not the subject of this habeas petition.

On July 2, 2002, Petitioner filed a "Petition for Order of Mandamus and Injunctive Relief" with the Livingston County Circuit Court seeking a hearing before the Prisoner Review Board (i.e. a parole hearing).  The Petition was denied and that order was subsequently appealed.  The Illinois Court of Appeals issued a Summary Order on December 3, 2003 affirming the trial court's decision.  *See Woodruff v. Snyder*, 856 N.E.2d 700 (Table) (Ill. App. Ct. 2003).  A petition for leave to appeal was denied by the Illinois Supreme Court on May 26, 2004.  *Woodruff v. Snyder*, 813 N.E.2d 229 (Table) (Ill. 2004).

---

[1] The Petition was originally docketed as a Complaint pursuant to 42 U.S.C. § 1983. After the Complaint was properly construed as a habeas petition, Petitioner's additional monetary and equitable grounds for relief, in addition to a number of named Defendants, were dismissed without prejudice (Doc. 8).

In its Summary Order, the Court of Appeals construed an Illinois statute concerning parole, 730 Ill. Comp. Stat. §5/3-3-3, and held that Petitioner was not entitled to parole consideration, under the state statute, until he had served at least 20 years on each of the first two sentences (for murder) and at least one-third of the sentence for battery. Because this has not occurred, the court held, there is no duty on the part of the State to grant Petitioner a parole hearing.

As indicated above, the gist of Petitioner's complaint is that he has not received a timely parole board hearing. There is no allegation in the Petition that any good conduct credit was taken away from Petitioner. Moreover, the Petitioner appears to acknowledge that he did receive a parole board hearing, although he argues that it was late.

## DISCUSSION

Petitioner's claim is not cognizable in federal habeas because he does not allege a violation of federal law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). As indicated by the Seventh Circuit Court of Appeals:

> It is well established that there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. While there is no constitutional right to parole, a state may create a protected liberty interest in parole through its statutes and regulations governing the parole decision-making process. *Heidelberg v. Illinois Prisoner Review Bd.*, 163 F.3d 1025, 1026 (7th Cir. 1998).

With respect to Illinois' parole statutes, the Court held that: "Illinois' parole statute does not create a legitimate expectation of parole" and hence do not create a protected liberty interest. *Id.* at 1027. Petitioner therefore does not have a

3

federally protected interest in parole nor can he have such an interest in a parole hearing. Thus, Petitioner's claim that the failure to hold a parole board hearing denied him due process fails to state a claim under 28 U.S.C. § 2254. In light of this conclusion, it is unnecessary to address Respondent's remaining arguments.

## Conclusion

For the foregoing reasons, the Petition for a Writ of Habeas Corpus filed by Petitioner (Doc. 1) is DISMISSED WITH PREJUDICE.

CASE TERMINATED


Entered this 1st day of September, 2011

                                                  s/ Joe B. McDade
                                                  JOE BILLY MCDADE
                                       Senior United States District Judge